# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00564-RJC-DSC

| | |
|---|---|
| CAROL ANDREA STEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLOTTE-MECKLENBURG | ) |
| HOSPITAL AUTHORITY et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on the Charlotte Housing Authority Defendants' "Motion to Dismiss" (document #28), "Defendant Charlotte-Mecklenburg Police Department's Motion to Dismiss" (document #30), Defendants Charlotte-Mecklenburg Hospital Authority, Tarwater and Woods' "Motion to Dismiss" (document #34), and the Federal Defendants' "Motion to Dismiss" (document #46) as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted as discussed below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2018, the pro se Plaintiff filed her Complaint against eighteen named and eleven Doe Defendants. The Defendants fall under four groups: Charlotte Housing Authority,

Charlotte-Mecklenburg Police Department, Charlotte-Mecklenburg Hospital Authority and the Federal Bureau of Investigation. In a more than 125 page single-spaced Complaint that details Plaintiff's daily activities over a several month period, she alleges that the FBI has been monitoring her from the apartment located directly above hers by electronic and other means. She alleges that the FBI is eavesdropping on her conversations, following her, intercepting her electronic and paper communications, fabricating medical records stating that she is a paranoid schizophrenic, and accessing hospital computers to upload false information into her medical file. She alleges that the FBI is jamming her cellular networks, accessing her laptop and iPads, and placing false information on her smartphone. She also alleges that the FBI has "illegally sentenced [her] to death," tortured her, and made repeated attempts to murder her with poison and a "Directed Energy Weapon." Document 1 at 20.[1] She sleeps under a tented electric blanket or a table covered with tubs of water to avoid these attacks.

Plaintiff alleges that the other Defendants have assisted the FBI and have violated the Health Insurance Portability and Accountability Act. She seeks injunctive relief against all Defendants, including an order compelling the FBI to cease all surveillance, vacate the apartment above hers, and otherwise cease interfering with her electronic devices.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

---

[1] Plaintiff does not address the issues raised in these four Motions to Dismiss. She persists in repeating her unsupportable allegations. In her most recent "Memorandum in Opposition," Plaintiff states that she is the target of a conspiracy that includes a doctor who utilizes an alias and is concealing the FBI's use of a "Directed Energy Weapon" in an attempt to "murder" her. See Document #51 at 2, filed June 11, 2019.

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

No amount of latitude can salvage Plaintiff's Complaint. As the Federal Defendants state in their brief, "Plaintiff's allegations are dire, but, on the other hand, Plaintiff's allegations are utterly implausible." Document #46 at 2. Plaintiff's far-fetched allegations cannot survive scrutiny under the Twombley/Iqbal plausibility standard. 550 U.S. at 570; 556 U.S. at 678.

For that reason, as well as the other reasons stated in Defendants' briefs, the undersigned respectfully recommends that their Motions to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Charlotte Housing Authority Defendants' "Motion to Dismiss" (document #28), "Defendant Charlotte-Mecklenburg Police Department's Motion to Dismiss" (document #30), Defendants Charlotte-Mecklenburg Hospital Authority, Tarwater and Woods' "Motion to Dismiss" (document #34), and the Federal Defendants' "Motion to Dismiss" (document #46) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 24, 2019

David S. Cayer
United States Magistrate Judge